# Supreme Court of Florida

_____

No. SC21-608

_____

**IN RE: AMENDMENTS TO THE FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS – 12.980(a)-(d).**

June 17, 2021

PER CURIAM.

Pursuant to the procedures approved in _Amendments to the Florida Family Law Rules of Procedure & Family Law Forms_, 810 So. 2d 1, 13-14 (Fla. 2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has determined that amendments to the following existing forms is needed: 12.980(a) (Petition for Injunction for Protection Against Domestic Violence); 12.980(b)(2) (Order Denying Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, Sexual Violence, or Stalking); 12.980(c)(1) (Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)); 12.980(c)(2) (Temporary Injunction for

Protection Against Domestic Violence without Minor Child(ren));

12.980(d)(1) (Final Judgment of Injunction for Protection Against

Domestic Violence with Minor Child(ren) (After Notice)); and

12.980(d)(2) (Final Judgment of Injunction for Protection Against

Domestic Violence without Minor Child(ren) (After Notice)).[1]  Input

was received from the Advisory Workgroup on the Florida Supreme

Court Approved Family Law Forms, which provided valuable

assistance.

In 2020, the Legislature amended chapter 741, Florida

Statutes, the law governing petitions and temporary and final

injunctions for protection against domestic violence.  *See* Ch. 2020-

37, Laws of Fla.  Revision of five forms relating to the petition and

the injunctions is necessary so the forms will accord with the

provisions of chapter 741, as amended.  Revision of a sixth form,

12.980(b)(2), was not prompted by legislation, but is necessary to

clarify the form.

The amended forms are hereby adopted as set forth in the

appendix to this opinion, fully engrossed.  The amendments to the

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

forms shall become effective immediately upon the release of this opinion and may be accessed and downloaded from the Florida State Courts' website at https://www.flcourts.org/Resources-Services/Court-Improvement/Family-Courts/Family-Law-Self-Help-Information/Family-Law-Forms.  By adoption of the amended forms, we express no opinion as to their correctness or applicability. We also direct that the amended forms be published for comment. Interested persons shall have seventy-five days from the date of this opinion to file comments with the Court.[2]

It is so ordered.

---

2.  All comments must be filed with the Court on or before August 31, 2021, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Comments filed via the Portal must be submitted in Microsoft Word 97 or higher.  *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017).  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Supreme Court Approved Family Law Forms

# APPENDIX

## INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
## FAMILY LAW FORM 12.980(a)
## PETITION FOR INJUNCTION FOR PROTECTION AGAINST
## DOMESTIC VIOLENCE (06/21)

### When should this form be used?

If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. **Domestic violence includes**: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner's family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:

1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner's child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.

The domestic violence laws only apply to your situation if the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 5 -

were living as a family), or the other parent of your children whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at **Petition for Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or **Petition for Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or **Petition for Injunction for Protection Against Sexual Violence,** Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.

If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents, custodians, or your legal guardian must sign this petition with you.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a **notary public** or the **clerk of the circuit court** in the county where you live. The clerk will take your completed **petition** to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an **imminent danger of domestic violence** exists, the judge will sign either an immediate **Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(1) or an immediate **Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(2). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side—YOU. The temporary injunction gives a date that you must appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue either a **Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(d)(1), or

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 6 -

a **Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren)(After Notice),** Florida Supreme Court Approved Family Law Form 12.980(d)(2). Either of these final judgments will remain in effect for a specific time period or until modified or dissolved by the court. **If either you or the respondent do not appear at the final hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one <u>certified copy</u> of the injunction with you at all times!**

## What can I do if the judge denies my petition?

If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set. The respondent will be notified by **<u>personal service</u>** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence**, Florida Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **<u>bold underline</u>** are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see Chapter 741, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 7 -

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at [www.flcourts.org](http://www.flcourts.org) through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes...

With this form you may also need to file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your **parenting plan** or **time-parenting plan** means a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren) and must contain a time-sharing schedule for the parents and child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The parenting plan shall be developed and agreed to by the parents and approved by a court, or established by the court, with or without the use of a court-ordered parenting plan recommendation. If the parents cannot agree, or if the parents agreed to a plan that is not approved by the court, a parenting plan shall be established by the court. "**Time-sharing schedule**" means a timetable that must be included in the parenting plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, of if their agreed-upon schedule is not

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 8 -

approved by the court, the schedule shall be established by the court.

- **Notice of Related Cases,** Florida Family Law Rules of Procedure Form 12.900(h), must be completed and filed.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.

Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 9 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST DOMESTIC VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

## SECTION I.  PETITIONER

*(This section is about you.  It must be completed.  However, **if you fear that disclosing your address to the respondent would put you in danger**, you should complete and file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)*

1. Petitioner's current address is: *{street address}* _____
   *{city, state and zip code}* _____
   Telephone Number: *{area code and number}* _____
   Physical description of Petitioner:
   Race: _____   Sex:  Male _____   Female _____   Date of Birth: _____

2. Petitioner's attorney's name, address, and telephone number is: _____
   _____.
   (If you do not have an attorney, write none.)

## SECTION II.  RESPONDENT

(This section is about the person you want to be protected from.  It must be completed.)

1. Respondent's current address is: *{street address, city, state, and zip code}* _____
   _____.
   Respondent's Driver's License number is: *{if known}* _____.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

2. Respondent is: *{Indicate all that apply}*
   a. _____ the spouse of Petitioner.
      Date of Marriage: _____
   b. _____ the former spouse of Petitioner.
      Date of Marriage: _____
      Date of Dissolution of Marriage: _____
   c. _____ related by blood or marriage to Petitioner.
      Specify relationship: _____
   d. _____ a person who is or was living in one home with Petitioner, as if a family.
   e. _____ a person with whom Petitioner has a child in common, even if Petitioner and Respondent never were married or living together.

3. Petitioner has known Respondent since *{date}* _____

4. Respondent's last known place of employment: _____
   Employment address: _____
   Working hours: _____

5. Physical description of Respondent:
   Race: _____ Sex: Male _____ Female _____ Date of Birth: _____
   Height: _____ Weight: _____ Eye Color: _____ Hair Color: _____
   Distinguishing marks or scars: _____
   Vehicle: (make/model) _____ Color: _____ Tag Number: _____

6. Other names Respondent goes by (aliases or nicknames): _____

7. Respondent's attorney's name, address, and telephone number is: _____
   _____
   (If you do not know whether Respondent has an attorney, write unknown. If Respondent does not have an attorney, write none.)

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Has Petitioner ever received or tried to get an injunction for protection against domestic violence against Respondent in this or any other court?
   _____ Yes _____ No   If yes, what happened in that case? *{Include case number, if known}*
   _____
   _____
   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 11 -

2. Has Respondent ever received or tried to get an injunction for protection against domestic violence against Petitioner in this or any other court?

_____ Yes _____ No   If yes, what happened in that case? *{Include case number, if known}*

_____

_____.

3. Describe **any other** court case that is either going on now or that happened in the past, including a dissolution of marriage, paternity action, or child support enforcement action, **between Petitioner and Respondent** *{Include city, state, and case number, if known}*: _____

_____.

4. Petitioner is either a victim of domestic violence or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence because respondent has: *{Mark all sections that apply and describe in the spaces below the incidents of violence or threats of violence, specifying when and where they occurred, including, but not limited to, locations such as a home, school, place of employment, or time-sharing exchange}*

a. _____ committed or threatened to commit domestic violence defined in s. 741.28, Florida Statutes, as any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another.  With the exception of persons who are parents of a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.

b. _____ previously threatened, harassed, stalked, or physically abused the petitioner.

c. _____ attempted to harm the petitioner or family members or individuals closely associated with the petitioner.

d. _____ threatened to conceal, kidnap, or harm the petitioner's child or children.

e. _____ intentionally injured or killed a family pet.

f. _____ used, or has threatened to use, against the petitioner any weapons such as guns or knives.

g. _____ physically restrained the petitioner from leaving the home or calling law enforcement.

h. _____ a criminal history involving violence or the threat of violence (if known).

i. _____ another order of protection issued against him or her previously or from another jurisdiction (if known).

j. _____ destroyed personal property, including, but not limited to, telephones or other communication equipment, clothing, or other items belonging to the petitioner.

k. _____ engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.

Below is a brief description of the latest act of violence or threat of violence that causes Petitioner to honestly fear imminent domestic violence by Respondent.

*{Please begin your narrative below. Use additional pages if necessary but please do not write in*

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 12 -

*the margins or on the back of any of the pages Please indicate below if you are using additional pages.}*

On *{date}* _____, at *{location}* _____,

Respondent:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

_____ Please indicate here if you are attaching additional pages to continue these facts.

5. Additional Information
   *{Indicate **all** that apply}*
   a. _____ Other acts or threats of domestic violence as described on attached sheet.
   b. _____ This or other acts of domestic violence have been previously reported to *{person or agency}*: _____
   c. _____ Respondent owns, has, and/or is known to have guns or other weapons.
      Describe weapon(s): _____
   d. _____ Respondent has a drug problem.
   e. _____ Respondent has an alcohol problem.
   f. _____ Respondent has a history of mental health problems.  If checked, answer the following, if known:
      Has Respondent ever been the subject of a Baker Act proceeding?  _____ Yes _____ No
      Is Respondent supposed to take medication for mental health problems? _____ Yes _____ No
      If yes, is Respondent currently taking his/her medication?  _____ Yes _____ No

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 13 -

**SECTION IV. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME** (Complete this section **only** if you want the Court to grant you temporary exclusive use and possession of the home that you share with the Respondent.)

    1.   Petitioner claims the following about the home that Petitioner and Respondent share or that Petitioner left because of domestic violence:

        *{Indicate **all** that apply}*

        a. _____Petitioner needs the exclusive use and possession of the home that the parties share at
            *{street address}* _____,
            *{city, state, zip code}* _____.

        b. _____Petitioner cannot get another safe place to live because: _____
         _____
         _____.

        c. _____If kept out of the home, Respondent has the money to get other housing or may live
            without money at *{street address}* _____,
            *{city, state, zip code}* _____.

    2.   The home is:

        *{Choose **one** only}*

        a. _____owned or rented by Petitioner and Respondent jointly.

        b. _____solely owned or rented by Petitioner.

        c. _____solely owned or rented by Respondent.

**SECTION V. TEMPORARY PARENTING PLAN WITH TEMPORARY TIME-SHARING SCHEDULE FOR MINOR CHILDREN** *(Complete this section **only** if you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party. You must be the natural parent, adoptive parent, or guardian by court order of the minor child or children. If you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party, you must also complete and file a **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d)).*

**Note: If the paternity of the minor children listed below has not been established through either marriage or court order, the Court may deny a request to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children, and/or a request for child support.**

    1.   Petitioner is the natural parent, adoptive parent, or guardian by court order of the minor children whose name(s) and age(s) are listed below.

| **Name** | **Birth date** |
| --- | --- |
|  |  |
|  |  |

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

– 14 –

_____

_____

_____

2. The minor children for whom Petitioner is asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to:

*{Choose **one** only}*
a. _____saw the domestic violence described in this petition happen.
b. _____were at the place where the domestic violence happened but did not see it.
c. _____were not there when the domestic violence happened this time but have seen previous acts of domestic violence by Respondent.
d. _____have not witnessed domestic violence by Respondent.

3. Name **any other** minor children who were there when the domestic violence happened. Include children's name, age, and parents' names. _____

_____

_____

_____.

4. **Temporary Parenting Plan and Temporary Time-Sharing Schedule**

*{Indicate **all** that apply}*
a. _____Petitioner requests that the Court provide a temporary parenting plan, including a temporary time-sharing schedule, with regard to the minor child or children of the parties, as follows: _____

_____

_____

_____.

b. _____Petitioner requests that the Court order supervised exchange of the minor children or exchange through a responsible person designated by the Court. The following person is suggested as a responsible person for purposes of such exchange. *{Explain}:* _____

_____

_____.

c. _____Petitioner requests that the Court limit time-sharing by Respondent with the minor children. *{Explain}:* _____

_____

_____.

d. _____Petitioner requests that the Court **prohibit** time-sharing by Respondent with the minor children because Petitioner genuinely fears that Respondent imminently will abuse, remove, or hide the minor children from Petitioner. *{Explain}:* _____

_____

_____.

e. _____Petitioner requests that the Court allow only supervised time-sharing by Respondent with the minor children. *Explain:* _____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 15 -

_____.
Supervision should be provided by a Family Visitation Center, or other *(specify)*:
_____.

**SECTION VI. EXCLUSIVE CARE, POSSESSION, OR CONTROL OF FAMILY PET(S)** *(Complete this section only if you are seeking exclusive care, possession, or control of an animal owned, possessed, harbored, kept, or held by you (the Petitioner), the Respondent, or a minor child residing in either your residence or household or Respondent's residence or household. The court may order the Respondent to have no contact with the animal and may prohibit the Respondent from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal. You may not request to have exclusive care, possession, or control of an animal owned primarily for a bona fide agricultural purpose, as defined in section 193.461, Florida Statutes, or a service animal, as defined in section 413.08, Florida Statutes, if Respondent is the service animal's handler.) {Indicate **all** that apply}.*

    1. _____ Petitioner requests to have exclusive care, possession, and control of the following animal(s) which are owned, possessed, harbored, kept, or held by Petitioner, Respondent, or a minor child residing in Petitioner's or Respondent's residence or household: _____
_____
_____
_____.

    2. _____ Petitioner requests that Respondent have no contact with the following animal(s) and be prohibited from taking, transferring, encumbering, concealing, harming, or otherwise disposing of them _____
_____
_____
_____.

**SECTION VII. TEMPORARY SUPPORT** *(Complete this section **only** if you are seeking financial support from the Respondent. You must also complete and file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if you are seeking child support. A **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), must be filed with the court at or prior to a hearing to establish or modify child support.)*

*{Indicate **all** that apply}*

    1. _____ Petitioner claims a need for the money he or she is asking the Court to make Respondent pay, and that Respondent has the ability to pay that money.

    2. _____ Petitioner requests that the Court order Respondent to pay the following temporary alimony to Petitioner. (Petitioner must be married to Respondent to ask for temporary alimony.) Temporary Alimony Requested $_____ every: _____ week _____ other week _____ month.

    3. _____ Petitioner requests that the Court order Respondent to pay the following temporary child

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 16 -

support to Petitioner. (The Respondent must be the natural parent, adoptive parent, or guardian by court order of the minor children for the court to order the Respondent to pay child support.) Temporary child support is requested in the amount of $_____ every: _____ week _____ other week _____ month.

**SECTION VIII. INJUNCTION** (This section summarizes what you are asking the Court to include in the injunction. This section must be completed.)

1.  Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against domestic violence that will be in place from now until the scheduled hearing in this matter.

2.  Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment on injunction prohibiting Respondent from committing any acts of domestic violence against Petitioner **and**:
    a. prohibiting Respondent from going to or within 500 feet of any place the Petitioner lives;
    b. prohibiting Respondent from going to or within 500 feet of the Petitioner's place(s) of employment or school; the address of Petitioner's place(s) of employment or school is:
    _____
    _____;
    c. prohibiting Respondent from contacting Petitioner by mail, by telephone, through another person, or in any other manner;
    d. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle;
    e. prohibiting Respondent from defacing or destroying Petitioner's personal property;

    *{Indicate **all** that apply}*
    f. _____ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's minor children must go often {include address}: _____
    _____
    _____;
    g. _____ granting Petitioner temporary exclusive use and possession of the home Petitioner and Respondent share;
    h. _____ granting Petitioner on a temporary basis 100% of the time sharing with the parties' minor children;
    i. _____ establishing a temporary parenting plan including a temporary time-sharing schedule for the parties' minor children;
    j. _____ granting Petitioner exclusive care, possession, or control of the animal(s) identified in paragraph 1 of Section VI which are owned, possessed, harbored, kept or held by Petitioner, Respondent, or a minor child residing in Petitioner or Respondent's residence or household;
    k. _____ prohibiting Respondent from having any contact with the animal(s) identified in paragraph 2 of Section VI or from taking, transferring, encumbering, concealing, harming, or otherwise disposing of them;
    l. _____ granting temporary alimony for Petitioner;

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 17 -

m. _____ granting temporary child support for the minor children;

n. _____ ordering Respondent to participate in treatment, intervention, and/or counseling services;

o. _____ referring Petitioner to a certified domestic violence center; and any other terms the Court deems necessary for the protection of Petitioner and/or Petitioner's children, including injunctions or directives to law enforcement agencies, as provided in Section 741.30, Florida Statutes.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

_____
(initials)

Dated: _____        _____
                                                                          Signature of Petitioner

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and subscribed before me by means of _____ physical presence or _____ online notarization this _____ day of _____, *{year}* _____ by *{name of person making statement}* _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
           Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (06/21)

- 18 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# ORDER DENYING PETITION FOR INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE ( ) DATING VIOLENCE ( ) SEXUAL VIOLENCE ( ) STALKING

The Court has reviewed the Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking filed in this cause, and finds that Petitioner has failed to comply with one or more statutory requirements applicable to that petition, including the following:

1. _____ Petitioner has failed to allege in a petition for domestic violence that Respondent is a family or household member as that term is defined by Chapter 741, Florida Statutes.
2. _____ Petitioner has used a petition form other than that which is approved by the Court and the form used lacks the statutorily required components.
3. _____ Petitioner has failed to complete a mandatory portion of the petition.
4. _____ Petitioner has failed to sign the petition.
5. _____ Petitioner has failed to allege facts sufficient to support the entry of an injunction for protection against domestic, repeat, dating, or sexual violence; or stalking because:

_____
_____
_____
_____.

6. _____ Other: _____
_____
_____
_____.

It is therefore, ORDERED that the petition is denied without prejudice to Petitioner's right to amend or supplement the petition to cure the above stated defects.

Florida Supreme Court Approved Family Law Form 12.980(b)(2), Order Denying Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, Sexual Violence, or Stalking (06/21)

ORDERED in _____, Florida, on _____ _____.


_____
CIRCUIT JUDGE

COPIES TO:
Petitioner:
_____ by hand delivery in open Court
_____ by U.S. mail
_____ by e-mail to designated e-mail address(es)



I CERTIFY the foregoing is a true copy of the original **Order Denying Hearing on Petition for Injunction** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.


CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
   *{Deputy Clerk or Judicial Assistant}*

Florida Supreme Court Approved Family Law Form 12.980(b)(2), Order Denying Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, Sexual Violence, or Stalking (06/21)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILDREN

The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed.  Under the laws of Florida, the Court has jurisdiction of the Petitioner and the subject matter and has jurisdiction of the Respondent upon service of the temporary injunction.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.  NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, the Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}* _____, at _____ a.m./p.m., when the Court will consider whether to  issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as time-sharing and support.  The hearing will be before The Honorable *{name}*_____, at *{room name/number, location, address, city}* _____
_____, Florida.

If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs.  Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

All witnesses and evidence, if any, must be presented at this time.  In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit,

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Children (06/21)

Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.

NOTICE:  Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

a. _____ a court reporter is provided by the court.

b. _____ an electronic recording only is provided by the court.  A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL.  THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact** _____

_____

***{identify applicable court personnel by name, address, and phone number}* at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired, call 711.**

**SECTION II.  FINDINGS**

The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties.  It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.

**SECTION III.  TEMPORARY INJUNCTION AND TERMS**

**This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order.  If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent.  This injunction is valid and enforceable in all counties of the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction.**

**Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine**

**or imprisonment. Certain willful violations of the terms of this injunction, such as:  refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.  In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction.  18 U.S.C. Section 2262.**

**ORDERED and ADJUDGED:**

1. **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner.  Domestic violence includes:  assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2. **No Contact.  Respondent shall have no contact with Petitioner unless otherwise provided in this Section, or unless paragraph 14 below provides for contact connected with the temporary parenting plan and temporary time-sharing with respect to the minor children.**
   a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third-party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:**  Petitioner's current residence *{list address}* _____
   or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}* _____
   or place where Petitioner attends school *{list address of school}* _____;
   or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often:_____.
   Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

   b. _____Other provisions regarding contact: _____
   _____
   _____

3. **Firearms.**
   *{Initial **all** that apply; write N/A **if does not** apply}*

   a. _____Respondent shall not use or possess a firearm or ammunition.

b. _____ Respondent shall surrender any firearms and ammunition in the Respondent's possession to the _____ County Sheriff's Department until further order of the court.

c. _____ Other directives relating to firearms and ammunition:

_____
_____
_____.

**NOTE:  RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF SECTION 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION.  ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION.  18 U.S.C. SECTION 922(g)(8).**

4. **Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service shall be complete upon mailing or e-mailing.

5. **Additional order(s) necessary to protect Petitioner from domestic violence:**

_____
_____
_____
_____
_____
_____
_____.

**TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**

*{Initial **all** that apply; write N/A **if does not** apply}*

6. _____ **Possession of the Home.**  _____ Petitioner _____ Respondent shall have temporary exclusive use and possession of the dwelling located at: _____.

7. _____ **Transfer of Possession of the Home.**  A law enforcement officer with jurisdiction over the home shall accompany _____ Petitioner _____ Respondent to the home and shall place _____ Petitioner _____ Respondent in possession of the home.

8. _____ **Personal Items.** _____ Petitioner _____ Respondent, **in the presence of a law enforcement officer**, may return to the premises described above _____ on *{date}* _____,

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Children (06/21)

- 24 -

at _____ a.m./p.m., or _____ at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade.   A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany _____ Petitioner _____ Respondent to the home and stand by to ensure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below.  The law enforcement agency shall not be responsible for storing or transporting any property.  **IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.**

9. _____ Petitioner _____ Respondent shall not damage or remove any furnishings or fixtures from the parties' former shared premises.

10. _____ Other: _____

_____

_____

_____

_____

_____ .

**TEMPORARY SUPPORT**
**Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.**

11. **Jurisdiction.** *{Initial **one** only}*

_____ Jurisdiction to determine issues relating to parenting plan and time-sharing with respect to any minor children listed in paragraph 12 below is proper under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

_____ Jurisdiction is exclusive to the dependency court, and accordingly no order is made herein. (Case Number _____.)

12. **Temporary Order for 100% Time-Sharing With Respect to Minor Children.**

_____ Petitioner _____ Respondent shall, on a temporary basis, have 100% time sharing with respect to the parties' minor children listed below:

| Name | Birth date |
|---|---|
| | |
| | |
| | |
| | |

When requested by the parent to whom 100% time-sharing is awarded on a temporary basis herein, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor children listed above to the parent to whom 100% time-sharing is awarded on

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Children (06/21)

a temporary basis herein. The other parent shall not take the children from the parent to whom 100% time-sharing is awarded on a temporary basis herein or any child care provider or other person entrusted by the parent to whom 100% time-sharing is awarded on a temporary basis herein with the care of the children.

*{Initial **if** applies; write N/A **if does not** apply}*

_____ Neither party shall remove the minor children from the State of Florida, which is the jurisdiction of this Court, prior to the hearing on this temporary injunction. Violation of this custody order may constitute a felony of the third degree under sections 787.03 and 787.04, Florida Statutes.

13. **Contact with Minor Children**. Unless otherwise provided in paragraph 14 below, the _____ Petitioner _____ Respondent (i.e., the parent to whom 100% time-sharing is **not** awarded on a temporary basis herein) shall have **no contact** with the parties' minor children until further order of the Court.

14. **Other Additional Provisions Relating to the Minor Children.**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

**TEMPORARY EXCLUSIVE CARE, POSSESSION, OR CONTROL OF FAMILY PET(S)**
*(Please initial all that apply. Write N/A if not applicable. This section does not apply to a service animal if Respondent is the animal's handler or to an animal owned primarily for a bona fide agricultural purpose.)*

15. ____Petitioner shall have temporary exclusive care, possession, or control of the following animal(s) owned, possessed, harbored, kept, or held by Petitioner, Respondent, or a minor child residing in the residence or household of Petitioner or Respondent:

_____
_____
_____ .

16. ____Respondent shall temporarily have **no contact** with the following animal(s) and is prohibited from taking, transferring, encumbering, concealing, harming or otherwise disposing of the animal(s): _____
_____
_____
_____ .

**SECTION IV. OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____
_____
_____.

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**

*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1.  The Sheriff of _____ County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2.  **This injunction is valid in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.

3.  **THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES MAKING IT A CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787 OF FLORIDA STATUTES AND OTHER SIMILAR STATUTES**.

4.  **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

    ORDERED at _____, Florida on _____.


    _____
    CIRCUIT JUDGE


COPIES TO:

Sheriff of _____ County

Petitioner: (or his or her attorney)
_____ by U.S. Mail
_____ by hand-delivery in open court

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Children (06/21)

_____ by e-mail to designated e-mail address(es)


Respondent:
_____ forwarded to the Sheriff for service
_____ State's Attorney's Office
_____ Other:_____

I CERTIFY the foregoing is a true copy of the original **Temporary Injunction for Protection Against Domestic Violence with Minor Children** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.


CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
     *{Deputy Clerk or Judicial Assistant}*

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILDREN

The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed.  Under the laws of Florida, the Court has jurisdiction of the Petitioner and the subject matter and has jurisdiction of the Respondent upon service of the temporary injunction.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.  NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, the Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}* _____,
at _____ a.m./p.m., when the Court will consider whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as support.  The hearing will be before The Honorable *{name}* _____, at *{room name/number, location, address, city}* _____
_____, Florida.
If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

All witnesses and evidence, if any, must be presented at this time.  In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Children (06/21)

(Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.

**NOTICE:**  Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

      a. _____ a court reporter is provided by the court.

      b. _____ an electronic recording only is provided by the court.
             A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL.  THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact** _____

_____

*{identify applicable court personnel by name, address and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired, call 711.**

**SECTION II.  FINDINGS**

The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties.  It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.

**SECTION III.  TEMPORARY INJUNCTION AND TERMS**

**This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order.  If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent.  This injunction is valid and enforceable in all counties of the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction.**

**Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment.  Certain willful violations of the terms of this injunction, such as:  refusing to vacate**

the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. Section 2262.

**ORDERED and ADJUDGED:**

1. **Violence Prohibited.** Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2. **No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.**
   a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}* _____

   _____
   or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}* _____
   or place where Petitioner attends school *{list address of school}* _____ ;
   or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor children go often: _____

   _____
   _____ .
   Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

   b. Other provisions regarding contact:
   _____
   _____
   _____ .

3. **Firearms.**
   *{Initial **all** that apply; write N/A **if does not** apply}*
   a. _____Respondent shall not use or possess a firearm or ammunition.

b. _____ Respondent shall surrender any firearms and ammunition in the Respondent's possession to the _____ County Sheriff's Department until further order of the court.

c. _____ Other directives relating to firearms and ammunition: _____
_____
_____ .

**NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF SECTION 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).**

4. **Mailing Address or Designated E-Mail Address(es).** Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es). Service shall be complete upon mailing or e-mailing.

5. **Additional order(s) necessary to protect Petitioner from domestic violence:**
_____
_____
_____
_____
_____ .

**TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**
*{Initial **all** that apply; write N/A **if does not** apply}*

6. _____ **Possession of the Home.**
_____ Petitioner _____ Respondent shall have temporary exclusive use and possession of the dwelling located at: _____
_____ .

7. _____ **Transfer of Possession of the Home.** A law enforcement officer with jurisdiction over the home shall accompany _____ Petitioner _____ Respondent to the home and shall place _____ Petitioner _____ Respondent in possession of the home.

8. _____ **Personal Items.** _____ Petitioner _____ Respondent, **in the presence of a law enforcement officer**, may return to the premises described above _____ on _____, at _____,a.m./p.m., or _____ at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of

personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany _____ Petitioner _____ Respondent to the home and stand by to ensure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. **IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.**

9. _____Petitioner _____ Respondent shall not damage or remove any furnishings or fixtures from the parties' former shared premises.

10. ____Other: _____

_____

_____

_____ .

**TEMPORARY SUPPORT**
**Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.**

**TEMPORARY EXCLUSIVE CARE POSSESSION, OR CONTROL OF FAMILY PET(S)**
*(Please initial all that apply. Write N/A if not applicable. This section does not apply to a service animal if Respondent is the animal's handler or to an animal owned primarily for a bona fide agricultural purpose.)*

11. Petitioner shall have temporary exclusive care, possession, or control of the following animal(s) owned, possessed, harbored, kept, or held by Petitioner, Respondent, or a minor child residing in the residence or household of Petitioner or Respondent: _____
_____
_____
_____.

12. Respondent shall temporarily have **no contact** with the following animal(s) and is prohibited from taking, transferring, encumbering, concealing, harming or otherwise disposing of the animal(s):
_____
_____
_____
_____.

**SECTION IV. OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____
_____
_____.

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1.  The Sheriff of _____ County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2.  **This injunction is valid in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.

3.  THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.  The arresting agent shall notify the State Attorney's Office immediately after arrest.

4.  **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

ORDERED in_____, Florida on _____.


_____
CIRCUIT JUDGE



COPIES TO:

Sheriff of _____ County

Petitioner: (or his or her attorney)
_____ by U.S. Mail
_____ by hand-delivery in open court
_____ by e-mail to designated e-mail address(es)

Respondent:

_____forwarded to the sheriff for service

_____State's Attorney's Office

_____other: _____

I CERTIFY the foregoing is a true copy of the original **Temporary Injunction for Protection Against Domestic Violence without Minor Children** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
   *{Deputy Clerk or Judicial Assistant}*

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Children (06/21)

- 35 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILDREN (AFTER NOTICE)

The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

### SECTION I. HEARING

This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be:

_____ issued _____ modified _____ extended

The hearing was attended by:
_____ Petitioner
_____ Respondent
_____ Petitioner's Counsel
_____ Respondent's Counsel

### SECTION II. FINDINGS

On *{date}* _____, a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.

**SECTION III.  INJUNCTION AND TERMS**

**This injunction shall be in full force and effect until either _____ further order of the Court or _____ {date} _____.  This injunction is valid and enforceable in all counties of the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction at any time.**

**Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment.  Certain willful violations of the terms of this injunction, such as:  refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.  In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction.  18 U.S.C. SECTION 2262.**

**ORDERED and ADJUDGED:**

1. **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner.  Domestic violence includes:  assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2. **No Contact.  Respondent shall have no contact with the Petitioner unless otherwise provided in this section, or unless paragraphs 13 through 19 below provide for contact connected with the temporary parenting plan and temporary time-sharing with respect to the minor children.**
   a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third-party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}* _____

   _____
   or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}* _____
   _____ or place where Petitioner attends school *{list address of school* _____;
   or the following other places (if requested by Petitioner) where Petitioner or Petitioner's

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children (After Notice) (06/21)

- 37 -

minor children go often:_____

_____
Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

    b. _____Other provisions regarding contact: _____

_____
_____

3. **Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first-degree misdemeanor, for the Respondent to have in his or her care, custody, possession or control any firearm or ammunition.**
*[Initial **if** applies; write N/A **if not** applicable]*
    a. _____Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer's employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.

    b. _____Respondent shall surrender any firearms and ammunition in the Respondent's possession to the _____ County Sheriff's Department.

    c. _____Other directives relating to firearms and ammunition: _____
_____
_____
_____.

**NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).**

4. **Evaluation/Counseling.**
*[Initial **all** that apply; write N/A **if does not** apply]*
a. The Court finds that Respondent has:
      i. _____willfully violated the ex parte injunction;
      ii. _____been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or
      iii. _____in this state or any other state, had at any time a prior injunction for protection entered against the Respondent after a hearing with notice.

*Note: If Respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers' intervention program unless it makes written factual findings stating why such a program would not be appropriate. See Section 741.30(6)(e), Florida Statutes.*

b. Within _____ 10 days _____ days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within _____ 30 days or _____ days, (but no more than 30 days) of the date of this injunction:

    i. _____ A certified batterers' intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers' intervention program.

    ii. _____ A substance abuse evaluation at:_____ or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.

    iii. _____ A mental health evaluation by a licensed mental health professional at: _____or any other similarly qualified facility and any mental health treatment recommended by that evaluation.

    iv. _____ Other: _____ _____.

c. _____ Although Respondent meets the statutory mandate of attendance at a batterers' intervention program, the Court makes the following written findings as to why the condition of batterers' intervention program would be inappropriate: _____ _____ _____ _____.

d. _____ Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.

5. **Mailing Address or Designated E-Mail Address(es).** Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es). Service shall be complete upon mailing or e-mailing.

6. **Other provisions necessary to protect Petitioner from domestic violence:** _____ _____ _____ _____ _____ _____ _____ _____ _____.

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children (After Notice) (06/21)

- 39 -

**TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**

*[Initial **if** applies; write N/A **if not** applicable]*

7. \_\_\_\_\_**Possession of the Home.** \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent shall have temporary exclusive use and possession of the dwelling located at: _____.

8. \_\_\_\_\_**Transfer of Possession of the Home.** A law enforcement officer with jurisdiction over the home shall accompany \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent to the home, and shall place \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent in possession of the home.

9. \_\_\_\_\_**Personal Items.** \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent, **in the presence of a law enforcement officer**, may return to the premises described above on *{date}* _____, at \_\_\_\_a.m./p.m., or \_\_\_\_ at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the premises shall go with \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent to the home and stand by to ensure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. **IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.**

10. \_\_\_\_The following other personal possessions may also be removed from the premises at this time: _____

11. \_\_\_\_Other: _____

**TEMPORARY PARENTING PLAN AND TIME-SHARING WITH MINOR CHILDREN**

12. **Jurisdiction.** *[Initial **one** only]*
    a. \_\_\_\_\_Jurisdiction to determine issues relating to parenting plan and time-sharing with respect to any minor children listed in paragraph 13 below is proper under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).
    b. \_\_\_\_\_Jurisdiction is exclusive to the dependency court, and accordingly no order is made herein. *{Case Number _____.}*

13. **Temporary Parenting Plan for Minor Children.** Except for that time-sharing (if any) specified for the other parent in paragraph 14, below, \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent shall on a temporary basis have **100%** of the time-sharing with the parties' minor children listed below and shall have sole decision-making responsibility until further court order:

**Name**                                                                                    **Birth date**

_____

_____

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children (After Notice) (06/21)

– 40 –

_____

_____

_____

_____

_____

When requested by the parent to whom the majority of overnight time-sharing with the children is awarded on a temporary basis herein, in this case the _____ Petitioner _____ Respondent, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor children listed above to the parent to whom the majority of overnight time-sharing with the children is awarded on a temporary basis herein.  The other parent shall not take the children from the parent to whom the majority of overnight time-sharing with the children is awarded on a temporary basis herein or any child care provider or other person entrusted by the parent to whom the majority of overnight time-sharing with the children is awarded on a temporary basis herein with the care of the children.

14. **Temporary Parenting Plan with Time-Sharing for Minor Children**.   The Petitioner and Respondent shall have time-sharing with the minor children on the following schedule:
*{Initial **one** only}*
a. _____ Petitioner _____ Respondent shall have **100%** of time-sharing and _____ Petitioner _____ Respondent shall have **0%** of time sharing with the children until further order of the Court.  Until further order of the Court, all parenting decisions shall be made by the parent with 100% of the time-sharing.

b. _____ Petitioner _____ Respondent shall have time-sharing from _____ a.m./p.m. to _____ a.m./p.m. on the following day(s)_____.
The other parent will have the remaining time-sharing. _____
_____
_____.

c. _____ Other: _____
_____
_____.

15. **Limitations on Time-Sharing.**  The time-sharing specified in paragraph 14, above, for _____ Petitioner _____ Respondent with the children shall be:
*[Initial **all** that apply; write N/A **if does not** apply]*
a. _____ Unsupervised

b. _____ supervised by the following specified responsible adult:_____

c. _____ at a supervised visitation center located at:
_____
_____,
and shall be subject to the available times and rules of the supervised visitation center. The cost associated with the services of the supervised visitation center shall be paid by the: *{choose **one**}* _____ parent to whom the majority of overnight time-sharing with the children is awarded on a temporary basis herein;  _____ other parent; or _____ both parents:

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children (After Notice) (06/21)

– 41 –

_____

_____ .

If specified, the level of supervision shall be: _____.

16. **Arrangements for Time-Sharing with Minor Children.**
*{Initial **all** that apply; write N/A **if does not** apply}*

a. _____ A responsible person shall coordinate the time-sharing arrangements with respect to the minor children.
If specified, the responsible person shall be: *{name}* _____

b. _____ Other conditions for time-sharing arrangements as follows: _____
_____
_____ .

17. **Exchange of Minor Children.**
*{Initial **all** that apply; write N/A **if does not** apply}*

a. _____ The parties shall exchange the children at _____ school or daycare, or _____ at the following location(s): _____
_____
_____ .

b. _____ A responsible person shall conduct all exchanges of the children. The _____ Petitioner _____ Respondent shall not be present during the exchange. If specified, the responsible person shall be: *{name}*_____
_____ .

c. _____ Other conditions for exchange are as follows: _____
_____
_____ .

18. **Other Additional Provisions Relating to the Minor Children.**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

**EXCLUSIVE CARE, POSSESSION, OR CONTROL OF FAMILY PET(S)**
*(Please initial all that apply. Write N/A if not applicable. This section does not apply to a service animal if Respondent is the animal's handler or to an animal owned primarily for a bona fide agricultural purpose.)*

19. ___ Petitioner shall have exclusive care, possession, or control of the following animal(s) owned,

possessed, harbored, kept, or held by Petitioner, Respondent, or a minor child residing in the residence or household of Petitioner or Respondent: _____
_____
_____.

20. ____ Respondent shall have **no contact** with the following animal(s) and is prohibited from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal(s):
_____
_____
_____.

**TEMPORARY SUPPORT**

21. **Temporary Alimony.**
*[Initial **all** that apply; write N/A **if does not** apply]*
a. ____ The court finds that there is a need for temporary alimony and that _____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to _____ Petitioner _____ Respondent (hereinafter Obligee) in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}*
_____
beginning *{date}* _____. This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until *{date}* _____, whichever occurs first.

b. ____ Petitioner _____ Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows: _____
_____.

c. ____ Other provisions relating to alimony: _____
_____
_____.

22. **Temporary Child Support.**
*{Initial **all** that apply; write N/A **if does not** apply}*
a. ____ The Court finds that there is a need for temporary child support and that _____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Form 12.902(e), filed by _____ Petitioner _____ Respondent are correct **OR** the Court makes the following findings:
The Petitioner's net monthly income is $_____, (Child Support Guidelines _%).
The Respondent's net monthly income is $_____, (Child Support Guidelines ___%).
Monthly childcare costs are $_____.
Monthly health/dental insurance costs are $_____.

b. ____ **Amount.** Obligor shall pay temporary child support in the amount of $_____,     per

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children (After Notice) (06/21)

- 43 -

month payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month _____ other *{explain}:*_____ beginning *{date}* _____, and continuing until further order of the court, or until *{date/event}* _____, *{explain}* _____.
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____
_____.

c. _____ Petitioner _____ Respondent shall be required to maintain _____ health _____ dental insurance coverage for the parties' minor children so long as it is reasonable in cost and accessible to the children **OR** _____ Health _____ dental insurance is either not reasonable in cost or accessible to the children at this time.

d. _____ Any reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor children shall be assessed as follows: _____
_____.

e. _____ Florida Supreme Court Approved Family Law Form 12.902(j), **Notice of Social Security Number**, is incorporated herein by reference.

f. _____ Other provisions relating to child support: _____
_____
_____.

23. **Method of Payment.**
*[Initial **one** only]*
a. _____ Obligor shall pay any temporary court-ordered child support/alimony through income deduction, and such support shall be paid to either the State Disbursement Unit or the central depository. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor's income. Obligor shall also pay any service charge required by statute. Until child support/alimony payments are deducted from Obligor's paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to either the State Disbursement Unit or the central depository.

b. _____ Temporary child support/alimony shall be paid through either the State Disbursement Unit or the central depository. Obligor shall also pay any service charge required by statute. Income deduction is **not** in the best interests of the children because: *{explain}*
_____
_____.

c. _____Other provisions relating to method of payment:

_____
_____
_____
_____
_____.

## SECTION IV.  OTHER SPECIAL PROVISIONS
*(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)*

_____
_____
_____
_____.

## SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION
*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.)*

1. **This injunction is valid in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. **When inconsistent with this order, any subsequent court order issued under Chapter 61 or Chapter 39**, **Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, parental responsibility, parenting plan, time-sharing, child custody, or child support.**

2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.  The arresting agent shall notify the State Attorney's Office immediately after arrest.

3. **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

4. **Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.**

5. **The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.**

6. **THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES MAKING IT A**

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children (After Notice) (06/21)

- 45 -

**CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787, FLORIDA STATUTES AND OTHER SIMILAR STATUTES.**

ORDERED at _____, Florida, on _____.


_____
CIRCUIT JUDGE

Sheriff of _____County

Petitioner (or his or her attorney):
_____by U. S. Mail
_____by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order—see below.)
_____by e-mail to designated e-mail address(es)

Respondent (or his or her attorney):
_____forwarded to sheriff for service
_____by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order—see below.)
_____by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____State Attorney's Office
_____Batterer's intervention program (if ordered)
_____State Disbursement Unit (if ordered)
_____Central Depository (if ordered)
_____Department of Revenue
_____Other_____

I CERTIFY the foregoing is a true copy of the original Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
*{Deputy Clerk or Judicial Assistant}*

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children (After Notice) (06/21)

- 46 -

**ACKNOWLEDGMENT**

I, *{Name of Petitioner}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.


Petitioner_____


**ACKNOWLEDGMENT**

I, *{Name of Respondent}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.


Respondent_____

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children (After Notice) (06/21)

– 47 –

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# FINAL JUDGMENT OF INJUNCTION
# FOR PROTECTION AGAINST DOMESTIC VIOLENCE
# WITHOUT MINOR CHILDREN (AFTER NOTICE)

The Petition for Injunction for Protection Against Domestic Violence under Section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I. HEARING**

This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be:

_____ issued_____ modified _____ extended.

The hearing was attended by:
_____ Petitioner
_____ Petitioner's Counsel
_____ Respondent
_____ Respondent's Counsel

**SECTION II. FINDINGS**

On *{date}* _____, a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.

**SECTION III.  INJUNCTION AND TERMS**

**This injunction shall be in full force and effect until _____ further order of the Court or _____ {date}_____.  This injunction is valid and enforceable in all counties of the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction at any time.**

**Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment.  Certain willful violations of the terms of this injunction, such as:  refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.  In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction.  18 U.S.C. Section 2262.**

**ORDERED and ADJUDGED:**

1. **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner.  Domestic violence includes:  assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2. **No Contact.  Respondent shall have no contact with the Petitioner unless otherwise provided in this section.**
   a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third-party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence {list address} _____

   _____
   or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment {list address of current employment} _____
   or place where Petitioner attends school {list address of school} _____ ;
   or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor children go often: _____

   _____
   _____ .

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Children (After Notice) (06/21)

– 49 –

Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

b. Other provisions regarding contact: _____

_____

_____ .

3. **Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of Section 790.233, Florida Statutes, and a first-degree misdemeanor, for the Respondent to have in his or her care, custody, possession or control any firearm or ammunition.**
*{Initial **if** applies; write N/A **if not** applicable}*
a. _____ Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer's employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.

b. _____ Respondent shall surrender any firearms and ammunition in the Respondent's possession to the _____ County Sheriff's Department.

c. _____ Other directives relating to firearms and ammunition: _____

_____

_____ .

**NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).**

4. **Evaluation/Counseling.**
*{Initial **all** that apply; write N/A **if does not** apply}*
a. The Court finds that Respondent has:
  i. _____ willfully violated the ex parte injunction

  ii. _____ been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or

  iii. _____ in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.

*Note: If Respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers' intervention program unless it makes written factual findings stating why such a program would not be appropriate. See Section 741.30(6)(e), Florida Statutes.*

b. Within _____10 days _____ days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within _____ 30 days _____ days, (but no more than 30 days) of the date of this injunction:

     i. _____A certified batterers' intervention program from a list of programs to be provided by the Court or any entity designated by the Court.  Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers' intervention program.

     ii. _____A substance abuse evaluation at: _____ or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.

     iii. _____A mental health evaluation by a licensed mental health professional at: _____ _____or any other similarly qualified facility and any mental health treatment recommended by that evaluation.

     iv. _____Other: _____ _____.

c. _____Although Respondent meets the statutory mandate of attendance at a batterers' intervention program, the Court makes the following written findings as to why the condition of batterers' intervention program would be inappropriate: _____ _____ _____ _____.

d. _____Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.

5. **Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service shall be complete upon mailing or emailing.

6. **Other provisions necessary to protect Petitioner from domestic violence:**_____ _____ _____ _____ _____ _____ _____ _____ _____.

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Children (After Notice) (06/21)

- 51 -

**TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**

*[Initial **if** applies; write N/A **if not** applicable]*

7. _____ **Possession of the Home.** _____ Petitioner _____ Respondent shall have temporary exclusive use and possession of the dwelling located at: _____
_____ .

8. _____ **Transfer of Possession of the Home.** A law enforcement officer with jurisdiction over the home shall accompany _____ Petitioner _____ Respondent to the home and shall place _____ Petitioner _____ Respondent in possession of the home.

9. _____ **Personal Items.** _____ Petitioner _____ Respondent, **in the presence of a law enforcement officer**, may return to the premises described above ____ on _____ , at _____a.m./p.m., or ____ at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the premises shall go with _____ Petitioner _____ Respondent to the home and stand by to ensure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. **IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.**

10. _____ The following other personal possessions may also be removed from the premises at this time: _____
_____ .

11. _____ Other:_____
_____
_____ .

**TEMPORARY SUPPORT**

12. **Temporary Alimony.**
*{Initial **all** that apply; write N/A **if does not** apply}*
a. _____ The court finds that there is a need for temporary alimony and that _____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to _____ Petitioner _____ Respondent (hereinafter Obligee) in the amount of $_____ per month, payable ____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month ____ other *{explain}*
_____

_____
beginning *{date}* _____. This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until *{date}* _____ , whichever occurs first.

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Children (After Notice) (06/21)

- 52 -

b. _____ The _____ Petitioner _____ Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows: _____ _____.

c. _____ Other provisions relating to alimony: _____ _____ _____.

13. **Method of Payment.**
    *[Initial **one** only]*
    a. _____ Obligor shall pay any temporary court-ordered alimony through income deduction, and such support shall be paid to either the State Disbursement Unit or the central depository. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor's income. Obligor shall also pay any service charge required by statute. Until alimony payments are deducted from Obligor's paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to either the State Disbursement Unit or the central depository.

    b. _____ Temporary alimony shall be paid through either the State Disbursement Unit or the central depository. Obligor shall also pay any applicable service charge required by statute.

    c. _____ Other provisions relating to method of payment: _____ _____ _____.

**EXCLUSIVE CARE, POSSESSION, AND CONTROL OF FAMILY PET(S)**
*(Please initial all that apply. Write N/A if not applicable. This section does not apply to a service animal if Respondent is the animal's handler or to an animal owned primarily for a bona fide agricultural purpose.)*

14. _____ Petitioner shall have exclusive care, possession, or control of the following animal(s) owned, possessed, harbored, kept, or held by Petitioner, Respondent, or a minor child residing in the residence or household of Petitioner or Respondent:_____ _____ _____.

15. _____ Respondent shall have **no contact** with the following animal(s) and is prohibited from taking, transferring, concealing, encumbering, concealing, harming or otherwise disposing of the animal(s): _____ _____ _____.

**SECTION IV.  OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida*

*Family Law Rule 12.610.}*

_____
_____
_____.

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1.  **This injunction is valid in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes.  **When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.**

2.  THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.  The arresting agent shall notify the State Attorney's Office immediately after arrest.

3.  **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

4.  Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.

5.  The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.

ORDERED in _____, Florida on _____.

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Children (After Notice) (06/21)

I CERTIFY that a copy of the original **Final Judgment of Injunction for Protection Against Domestic Violence without Minor Children** was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the parties and any entities listed below on *{date}*_____.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
           *Deputy Clerk or Judicial Assistant*


Sheriff of _____ County

Petitioner (or his or her attorney):
_____by U. S. Mail
_____by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order—see below.)

Respondent (or his or her attorney):
_____forwarded to sheriff for service
_____by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order—see below.)
_____by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____State Attorney's Office
_____Batterer's intervention program (if ordered)
_____State Disbursement Unit (if ordered)
_____Central Depository (if ordered)
_____Department of Revenue
_____Other_____


**ACKNOWLEDGMENT**


I, *{Name of Petitioner}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.


_____
Petitioner


Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Children (After Notice) (06/21)

**ACKNOWLEDGMENT**

I, *{Name of Respondent}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.

_____
Respondent

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Children (After Notice) (06/21)

- 56 -